IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKLAS HEMDAL and STEPHANIE HEMDAL on behalf of ANDERS HEMDAL, a minor**  :<br>    Plaintiffs,  :<br>   :<br>   v.   :<br>   :<br>**SCHUYLKILL VALLEY SCHOOL DISTRICT,** *et al.*  :<br>   Defendants.  : | CIVIL ACTION NO. 12-5925 |

MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                         **February 20, 2014**

Plaintiffs have brought suit against a public school district and several school officials on behalf of their son, a high-school student who was suspended from school for four days after engaging in consensual sexual conduct with another student while on a school trip to Morocco.[1] Plaintiffs allege violations of the Pennsylvania and United States Constitutions as well as state-law tort claims of intentional infliction of emotional distress, defamation, and invasion of privacy.[2] Defendants have moved to dismiss all claims. Because Plaintiffs have failed to state a claim for violation of the United States Constitution, the Court will grant the motion to dismiss the federal claims and will decline to exercise jurisdiction over the remaining state-law claims.

**I.    STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure

---

[1] Am. Compl. ¶¶ 15, 24. According to the Amended Complaint, another student recorded the encounter without the participants' knowledge, and when Plaintiffs learned of the recording's existence and circulation, they brought it to the attention of school officials, and the police, and charges were filed in juvenile court against the student who made the recording. Am. Compl. ¶¶ 17, 20-21.

[2] Plaintiffs also seek an injunction requiring the destruction of all records relating to the incident.

to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[3] lacks enough substance to show that he is entitled to relief.[4] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[5] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[6] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[8] A court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[9] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[10]

**II. DISCUSSION**

    A.    *The Federal Constitutional Claims*

The federal claims are asserted in Count I of the Amended Complaint, which alleges that

---

[3] Fed. R. Civ. P. 8.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[5] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[6] *Twombly*, 550 U.S. at 555, 564.

[7] *Id.* at 570.

[8] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[9] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

[10] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274 (E.D. Pa. 2011).

in imposing the suspension, Defendants denied the student Plaintiff due process to which he is entitled under the Fourteenth Amendment to the United States Constitution.  The Amended Complaint further alleges that the denial of due process resulted in a violation of the Equal Protection clause of the Fourteenth Amendment because other, unidentified students allegedly were afforded due process in similar circumstances.  Finally, the Amended Complaint alleges in the barest terms that Defendants conspired to deprive the student of his constitutional rights. All of the federal claims depend upon Plaintiffs' ability to allege first a viable claim of denial of due process.  This they cannot do.

Plaintiffs rely upon a section of the Pennsylvania administrative code that sets forth the procedures to be followed when a student is suspended, and argue that Defendants' failure to comply with these procedures constitutes a due process violation.[11]  The Court of Appeals for the Third Circuit has rejected this argument in another case of school discipline, holding that "[i]t is well-accepted that state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes; rather, the minimum, constitutionally mandated requirements of due process in a given context and case are supplied and defined by federal law, not by state law or regulations."[12]

The Supreme Court has established the applicable requirements of due process for a suspension of ten days or less of a public school student, holding that "the student [must] be

---

[11] 22 Pa. Code § 12.8(a),(c). The code states that students "shall be afforded due process if they are to be excluded from school," and requires, *inter alia*, an informal hearing before a suspension, written notice of the reasons for the suspension, and the right to speak and produce witnesses at the hearing.  The procedures form part of the administrative code sections that implement the entitlement of those between the ages of 6 and 21 years to a "free and full education" in Pennsylvania's public schools.  22 Pa. Code § 12.1(a).

[12] *Shuman ex rel. Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 150 n. 4 (3d Cir. 2005) (internal quotation omitted).

given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story."[13]  Here, Plaintiffs do not dispute that the student engaged in the conduct that led to the suspension, arguing only that the suspension was not warranted.  Moreover, no formal hearing is required to satisfy due process requirements and "[t]here need be no delay between the time 'notice' is given and the time of the hearing.  In the great majority of cases the disciplinarian may informally discuss the alleged misconduct with the student minutes after it has occurred."[14]  Plaintiffs allege that they received one-hour notice of a meeting at the school, that they attended the meeting, and that Defendants explained the reasons for the suspension, although Plaintiffs assert that those reasons have shifted.[15]  Plaintiffs further allege that they requested and received a meeting with the school superintendent the next day.[16]  These facts establish that no federal due process violation occurred.  Although Plaintiffs argue that they were not given written notice or an opportunity to present or question witnesses, the case law makes clear that neither was required to satisfy federal standards of due process.  As a matter of law, Plaintiffs received all the process they were due, and the claim must be dismissed.

The equal protection claim also fails.  Plaintiffs contend that they are "arguing for a conspiracy to deny [the student's] equal protection rights."[17]  The Amended Complaint fails to

---

[13] *Goss v. Lopez*, 419 U.S. 565, 581 (1975).

[14] *Id.* at 582.

[15] Am. Compl. ¶¶ 23-24

[16] Am. Compl. ¶¶ 24-25.  There are additional allegations of a later meeting after Plaintiffs had retained counsel.

[17] Plffs' Am. Mem. Law Opp. Mot. Dismiss at 8.

allege any facts that would support a claim of conspiracy, which requires a plaintiff to allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to [sic] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."[18] In order to state an equal protection claim, plaintiffs must allege the existence of purposeful discrimination. "In other words, they must demonstrate that they received different treatment from that received by other individuals *similarly situated*."[19] Plaintiffs' bare allegations that "other minors were afforded full due process by Defendants as contemplated under Pennsylvania law"[20] fail to state a plausible cause of action under *Twombly*. Plaintiffs do not allege that any other student was treated differently because of race or gender.[21] In the absence of any factually-supported allegations that the different treatment was due to membership in a protected class or that the suspension lacked any rational basis, Plaintiffs cannot state a claim.[22] The equal protection claim will be dismissed.[23]

---

[18] *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

[19] *Shertzer*, 422 F.3d at 151(citations omitted). Notably, Plaintiffs do not allege that the student's girlfriend was treated differently than he was.

[20] Am. Compl. ¶ 53.

[21] "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Huebschen v. Dep't of Health and Social Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983).

[22] *Palmer by Palmer v. Merluzzi*, 868 F.2d 90, 94 (3d Cir. 1989). Plaintiffs' only arguments in support of the equal protection claim are that the student's due process rights were violated. Plffs' Am. Mem. Law Opp. Mot. Dismiss at 8-9. The Court has held there was no due process violation.

[23] Although Count I is entitled "Violations of 42 U.S.C. 1983," Plaintiffs allege that Defendants' conduct was "subject to" 42 U.S.C. §§ 1983, 1985, 1986, and 1988. As discussed, there are no allegations of a conspiracy pursuant to § 1985. Nor are there any allegations that would support a claim for "action for neglect to prevent" under 42 U.S.C. § 1986, and both sections require an underlying cognizable constitutional violation to proceed. *Smith v. Phila. Housing Auth.*, 531 F. App'x 273, 274 n. 3 (3d Cir. 2013). Section 1988 provides for attorney's fees and is not

B.   *The State-Law Claims*

Although federal courts with original jurisdiction over a federal claim have supplemental jurisdiction over state claims that form "part of the same case or controversy," a court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction."[24] It is appropriate to decline the exercise of supplemental jurisdiction if the litigation is in its early stages, and where the complaint asserts federal question jurisdiction.[25] Therefore, the Court will not address the merits of the motion to dismiss the state-law claims, but will decline to exercise supplemental jurisdiction over these claims in the absence of a viable federal claim.

C.   *Leave to Amend*

In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[26] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). As there is no suggestion that Plaintiff could allege any additional facts that would support a claim for violation of rights secured by the federal constitution, the Court concludes that another amendment would be futile. Plaintiffs' attempt to transform a claim based on a Pennsylvania statute into a violation of rights

---

an independent cause of action.

[24] 28 U.S.C. § 1367(a), (c)(3).

[25] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[26] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

secured by the United States Constitution is not viable, and the state-law claims are appropriately litigated in state court.

### III. CONCLUSION

The federal claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted, and the Court declines to exercise supplemental jurisdiction over the state-law claims, which will be dismissed without prejudice.  An order will be entered.